Billie G. MATHIS et al., Plaintiffs-Appellants,

v.

GENERAL ELECTRIC CORPORATION et al., Defendants-Appellees.

No. 76–1555.

United States Court of Appeals, Fifth Circuit.

Sept. 18, 1978.

---

Roscoe B. Hogan, Birmingham, Ala., Seymour L. Ellison, San Francisco, Cal., R. Ben Hogan, III, Birmingham, Ala., for plaintiffs-Appellants.

Bibb Allen, Birmingham, Ala., Alson R. Kemp, Jr., Kirke M. Hasson, John G. Warner, San Francisco, Cal., for Western Electric.

Kent N. Mastores, San Francisco, Cal., for Raytheon Co.

James H. Porter, Huntsville, Ala., for Gen. Electric Co.

Before WISDOM, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

This appeal presents a question of Alabama law appropriate for resolution by the courts of that state. We certify this question to the Alabama Supreme Court under the certification provision of the Alabama constitution.[1]

The Supreme Court of Alabama is, of course, free to fully consider all matters set forth in the appendix, briefs, and, if the court so desires, oral argument. The certification is not intended to be an exclusive or exhaustive statement of the case. Furthermore, this court's formulation of the facts and issues is not intended to dictate the response of the Supreme Court of Alabama. The response to this legal question should be determined by the law of Alabama, and the Supreme Court should not feel itself limited in its response by the specific language employed in the certification.

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO ARTICLE 6, § 140 OF THE ALABAMA STATE CONSTITUTION, AS AMENDED 1973

To The Supreme Court of Alabama and the Honorable Justices thereof:

It appears to the United States Court of Appeals for the Fifth Circuit that this case involves a question or proposition of the law of the State of Alabama which is determinative of the cause, and there appear to be no clear controlling precedents in the decisions of the Supreme Court of Alabama. This court hereby certifies the following question of law to the Supreme Court of Alabama for instructions concerning the same, based on the facts recited herein, pursuant to article 6, § 140 of the Alabama State Constitution, as amended 1973, as follows:

1. *Style of the case.*

The style of the case is *Billie G. Mathis, et al., Plaintiffs-Appellants, v. General Electric Corporation, et al., Defendants-Appellees,* Case No. 76–1555, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Northern District of Alabama.

---

1. Alabama Constitution art. 6, § 140, as amended by Amendment No. 328 § 6.02(b)(3).

### 2. *Statement of the case.*

Plaintiffs seek damages for cataracts allegedly caused by radiation exposure suffered while they were serving in the Army at a federal enclave located within Alabama. They claim that while stationed at Redstone Arsenal, Alabama, they were exposed to microwave radiation emitted from radar equipment manufactured or designed by defendants. Their claims are brought under theories of negligence or strict liability. Their rights are governed by Alabama law, 16 U.S.C. § 457.

The complaint was filed November 30, 1973.

Arthur S. Bates has testified that he was exposed to radiation from January 1959 to May 1963 and from 1965 to October 31, 1966, and that he discovered a cataract problem late in 1970.

Manson L. Gilliam has testified that he was exposed to radiation from 1957 or 1958 to 1963, and that he discovered a cataract problem in 1971.

Billie G. Mathis has testified that he was exposed to radiation from May 1960 to December 1962 and from March 1964 to January 1966, and that he discovered a cataract problem on January 5, 1972.

Glenn R. Parsons has testified that he was exposed to radiation from 1963 to 1969, and that he discovered a cataract problem in 1970.

The parties agree that the applicable statute of limitations is furnished by Alabama law. The district court has granted summary judgment against plaintiffs based on Alabama's one-year statute of limitations for personal injury claims. Title 7, § 26, Alabama Code of 1940 (Recomp.1958).

### 3. *Question to be certified.*

Assuming that each plaintiff discovered his cataract condition on the date that he testified he discovered it, as set out above, does the Alabama statute of limitations bar his action?

The entire record in this case, together with copies of the briefs of the parties and certification in this court, are transmitted herewith.